IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| XIANGYUAN SUE ZHU,  Plaintiff,  v.  KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT,  Defendant. | CIVIL ACTION No. 23-2116-JAR-RES |
| IN RE: XIANGYUAN SUE ZHU. | MISC. ACTION No. 23-204-JAR |

**MEMORANDUM AND ORDER**

On May 1, 2007, this Court imposed filing restrictions on Xiangyuan Sue Zhu. Memorandum and Order (Doc. #473) in Zhu v. Federal Housing Finance Board et al., No. 04-2539-KHV. On March 14, 2023, in disregard of those restrictions, Zhu filed a pro se civil complaint in this Court against the Kansas Department of Health and Environment ("KDHE"). Zhu v. Kansas Department of Health and Environment, No. 23-2116-JAR-RES. Two days later, the Court dismissed this lawsuit for failure to comply with the foregoing filing restrictions. The following week, on March 21, 2023, Zhu delivered a so-called "Notice of Removal" which purported to remove to this Court a suit pending in the District Court of Shawnee County, Kansas, for review of the final order of the KDHE's Division of Health Care Finance's State Appeals Committee. In re: Xiangyuan Sue Zhu, No. 23-mc-204-JAR.

Since that time, Zhu has lodged a petition for permission to initiate a new civil action in this Court and delivered numerous papers to the Clerk of Court, including a petition for leave to proceed pro se, an affidavit of case status, an affidavit of financial status, a civil cover sheet, a

motion for leave to proceed without pre-payment of fees and a proposed civil complaint. Zhu's so-called Notice of Removal and the proposed civil complaint assert federal question jurisdiction on the following (highly summarized) theory: "Maximus Inc. was receiving Medicaid money payment under names of deceased welfare recipients in the amount of totally $18 million through KanCare, KDHE/KanCare, the trial and appellate courts throughout Kansas do not have subject matter jurisdiction to affirm the fraud activities by Maximus Inc./KanCare, and to affirm the KanCare's denial of its program's basic rights prescribed by K.A.R. 30-7-66, as required by Due Process clause of Fourteenth Amendment of the Constitution and U.S. Supreme Court's precedent in Goldberg v. Kelly, 397 U.S. 254 (1970), etc."

This matter arises out of plaintiff's long-standing grievance with the KDHE Division of Healthcare Finance, which apparently dates back to May 2, 2018, when KDHE notified Zhu that effective June 1, 2018, her Medicaid coverage and/or benefits were being changed. In 2018, Zhu filed five appeals with the Office of Administrative Hearings ("OAH"), alleging that it failed to follow the Medical Kansas Economic and Employment Services Manual in calculating her spenddown amount and in handling various medical expenses (including ones incurred in a Chinese hospital in 2017).

On January 29, 2019, an administrative law judge denied plaintiff's claim for relief. Plaintiff appealed and sought review by the State Appeals Committee ("SAC") of the KDHE Division of Healthcare Finance. On July 30, 2020, the SAC affirmed the initial order of the administrative law judge and denied Zhu's further petition to disqualify that judge. Zhu then petitioned the District Court of Shawnee County, Kansas, to review the KDHE actions in consolidating her five administrative appeals, her request for application of various expenses to

her Medicaid spenddown and her request to terminate that spenddown. On August 4, 2021, the District Court denied her petition for review, and Zhu appealed to the Court of Appeals of the State of Kansas.

On October 21, 2022, the Kansas Court of Appeals rendered a 24-page opinion, holding that Zhu had failed to show legal or factual error, other than one discrete issue which it remanded because the agency had failed to address it. In doing so, it noted that Zhu had filed hundreds of pages in the proceedings below, most of which were "vitriolic and almost incomprehensible." On November 23, 2022, Zhu filed a motion with the Court of Appeals to reopen the time for her to file a petition for review by the Kansas Supreme Court. Zhu also filed a petition with the Kansas Supreme Court, seeking review of the decision of the Court of Appeals. The Kansas Supreme Court denied that petition because it was untimely.

Zhu alleges "serious concern" about the impact of the Court of Appeals decision on KanCare programs, the basic procedural rights of 360,000 Kansas residents, and the 7.7 million people in the Medicare program nationwide.

As noted, on March 23, 2023, Zhu presented to this Court a "Petition Pursuant to Court Order Seeking Leave To File A Pro Se Action," along with a proposed civil complaint invoking federal question jurisdiction. Zhu argues that the Kansas Supreme Court lacks subject matter jurisdiction to violate her rights under the Equal Protection Clause of the Fourteenth Amendment and her presumptive First Amendment right of access to judicial proceedings. In the proposed complaint, Zhu seeks the exact same relief which the state proceedings determined that she was not entitled to receive, i.e. continuation of medical benefits, $560 in Social Security income that was calculated as part of her spenddown, an adjusted medical insurance premium in the amount of

$8,944.00, adjusted dental insurance premiums in the amount of $59.82, an adjusted BCBS supplemental insurance premium of $969.96, $30.00 for an office visit to Dr. Tanner Speaker, $60.00 for an office visit to Mr. Mark Underwood and $490.00 for Michael E. Webber, D.D.S.

Federal courts must determine that they have jurisdiction before proceeding to the merits, Lance v. Coffman, 549 U.S. 437, 439 (2007). Plaintiff's so-called Notice of Removal and her proposed complaint call into question subject matter jurisdiction under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (collectively "Rooker–Feldman"). Bruce v. City & Cnty. of Denver, 57 F.4th 738, 746 (10th Cir. 2023) (Rooker–Feldman is jurisdictional prohibition). To the extent that the state district court proceeding is not final, plaintiff's proposed lawsuits also raise the question under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), whether they should be dismissed or stayed based on parallel state proceedings.

The Rooker-Feldman doctrine precludes federal courts—other than the Supreme Court—from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Rooker-Feldman applies if a litigant's claims "specifically seek to modify or set aside a state court judgment." Graff v. Aberdeen Enterprizes, II, Inc., 65 F.4th 500, No. 21-5031, 2023 WL 2860386, at *8 (10th Cir. 2023) (citing Exxon Mobil, 544 U.S. at 292–93); cf. id. ("Rooker-Feldman does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment."). In other words, Rooker-Feldman bars a claim if "an element of the claim must be that the state court wrongfully entered its judgment." Graff,

2023 WL 2860386, at *8 (quoting Campbell v. City of Spencer, 682 F.3d 1278, 1283 (10th Cir. 2012)). For Rooker–Feldman to apply, the state court proceedings must be concluded. Exxon Mobil, 544 U.S. at 284.

If state proceedings are not final for purposes of Rooker-Feldman, the Court considers whether, under Colorado River, the case should be dismissed or stayed based on parallel state proceedings. Under Colorado River, the Court must consider the following factors: (1) whether the state or federal court first assumed jurisdiction over the same res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc., 705 F.3d 1223, 1234 (10th Cir. 2013) (citing Colorado River, 424 U.S. at 818). The Court must carefully consider both the obligation to exercise jurisdiction and the combination of factors counselling against the exercise of jurisdiction. Colorado River, 424 U.S. at 818–19; see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983) (Colorado River factors not mechanical checklist; careful balancing required and weight given to any factor may vary greatly from case to case).

When the Court imposed filing restrictions in 2017, it found that they were "necessary to regulate plaintiff's abusive litigation activities and to protect potential future defendants." The so-called Notice of Removal and the proposed civil pleadings which plaintiff has submitted since March of 2023 reveal that the need for such restrictions is ongoing. For the last five years, plaintiff has been litigating her Medicaid benefits before KanCare, the State's OAH, the SAC, the District Court of Shawnee County, Kansas, the Kansas Court of Appeals and the Kansas Supreme Court—all of which denied her relief and some of which noted that her filings were voluminous,

incomprehensible and vitriolic. Now that plaintiff has failed to timely seek review by the Kansas Supreme Court, she asks this Court to review the validity of the Court of Appeals mandate. See, e.g., Civil Proposed Complaint at 3 (Kansas Court of Appeals "finding should not stand"); id. at 6–8 (Kansas Court of Appeals violated K.S.A. § 77-425); id. at 6–7 (Kansas Court of Appeals holding "in contradiction" of state law); id. at 7 (Kansas Court of Appeals lacked "subject [matter] jurisdiction to affirm the KDHE/KanCare's acts").

A quick review of the so-called Notice of Removal and the proposed complaint reveals no plausible ground for federal question jurisdiction because Zhu alleges no facts which might entitle her to sue to remedy alleged fraud on the public by "KDHE/KanCare (Maximus Inc.)." Plaintiff has failed to satisfy her burden of alleging facts sufficient to establish subject matter jurisdiction. See Soto v. Kalatzes, No. 21-4103, 2022 WL 1831258, at *2 (10th Cir. June 3, 2022) (even pro se plaintiffs bear burden of demonstrating proper basis for subject matter jurisdiction). More importantly, however, Zhu concedes that "[t]his cause, or a substantially equivalent complaint, was . . . previously filed in the Kansas Court of Appeals." Civil Proposed Complaint at 14. Because the Kansas Court of Appeals issued a final judgment on Zhu's appeal, Rooker-Feldman bars her from bringing a cause of action asserting that the state appellate court wrongfully entered its judgment. Graff, 2023 WL 2860386, at *8. Zhu has not asserted a basis for removal of the limited remaining state district court action because she is a plaintiff in that action. Cf. 28 U.S.C. § 1441(a) ("defendant" may remove certain civil actions filed in state court). Even if the Court were to characterize Zhu's proposed complaint as an independent federal action—rather than a removal of the state district court action—such an action would be subject to dismissal under the Colorado River doctrine. See D.A. Osguthorpe, 705 F.3d at 1234–36 (affirming dismissing of

federal suit filed some five years after state court proceeding and in attempt to escape unfavorable state court ruling). Accordingly, the Court denies plaintiff leave to proceed on her so-called Notice of Removal (Misc. Case No. 23-204-JAR) and her proposed pro se complaint (Case No. 23-2116-JAR-RES).

**IT IS SO ORDERED**.

Dated this 2nd day of May, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
