IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| XIANGYUAN SUE ZHU,  )<br>Plaintiff,  )<br>v.  )<br>  )<br>KANSAS DEPARTMENT OF HEALTH  )<br>AND ENVIRONMENT,  )<br>Defendant.  )<br>_____)<br>  )<br>  )<br>IN RE: XIANGYUAN SUE ZHU.  )<br>  )<br>_____) | CIVIL ACTION<br>No. 23-2116-JAR-RES<br><br><br><br><br><br><br>MISC. ACTION<br>No. 23-204-JAR |

**MEMORANDUM AND ORDER**

On May 1, 2007, this Court imposed filing restrictions on Xiangyuan Sue Zhu. Memorandum and Order (Doc. #473) in Zhu v. Federal Housing Finance Board et al., No. 04-2539-KHV. On March 14, 2023, in disregard of those restrictions, Zhu filed a pro se civil complaint in this Court against the Kansas Department of Health and Environment ("KDHE"). Zhu v. Kansas Department of Health and Environment, No. 23-2116-JAR-RES. Two days later, the Court dismissed this lawsuit for failure to comply with the foregoing filing restrictions. The following week, on March 21, 2023, Zhu delivered a so-called "Notice of Removal" which purported to remove to this Court a suit pending in the District Court of Shawnee County, Kansas, for review of the final order of the KDHE's Division of Health Care Finance's State Appeals Committee. In re: Xiangyuan Sue Zhu, No. 23-mc-204-JAR.

Later, Zhu lodged a petition for permission to initiate a new civil action in this Court and delivered numerous papers to the Clerk of Court, including a petition for leave to proceed pro se, an affidavit of case status, an affidavit of financial status, a civil cover sheet, a motion for leave to

proceed without pre-payment of fees and a proposed civil complaint. Zhu's so-called Notice of Removal and the proposed civil complaint assert federal question jurisdiction on the following (highly summarized) theory: "Maximus Inc. was receiving Medicaid money payment under names of deceased welfare recipients in the amount of totally $18 million through KanCare, KDHE/KanCare, the trial and appellate courts throughout Kansas do not have subject matter jurisdiction to affirm the fraud activities by Maximus Inc./KanCare, and to affirm the KanCare's denial of its program's basic rights prescribed by K.A.R. 30-7-66, as required by Due Process clause of Fourteenth Amendment of the Constitution and U.S. Supreme Court's precedent in Goldberg v. Kelly, 397 U.S. 254 (1970), etc."

As noted, on March 23, 2023, Zhu presented to this Court a "Petition Pursuant to Court Order Seeking Leave To File A Pro Se Action," along with a proposed civil complaint invoking federal question jurisdiction. In the proposed complaint, Zhu seeks the exact same relief which the State of Kansas has determined that she is not entitled to receive, i.e. continuation of medical benefits, $560 in Social Security income that was calculated as part of her spenddown, an adjusted medical insurance premium in the amount of $8,944.00, adjusted dental insurance premiums in the amount of $59.82, an adjusted BCBS supplemental insurance premium of $969.96, $30.00 for an office visit to Dr. Tanner Speaker, $60.00 for an office visit to Mr. Mark Underwood and $490.00 for Michael E. Webber, D.D.S.

The Court's review of the so-called Notice of Removal and the proposed complaint revealed no plausible ground for federal question jurisdiction because Zhu alleges no facts which might entitle her to sue to remedy alleged fraud on the public by "KDHE/KanCare (Maximus Inc.)." Plaintiff has failed to satisfy her burden of alleging facts sufficient to establish subject

matter jurisdiction. See Soto v. Kalatzes, No. 21-4103, 2022 WL 1831258, at *2 (10th Cir. June 3, 2022) (even pro se plaintiffs bear burden of demonstrating proper basis for subject matter jurisdiction). More importantly, however, Zhu conceded that "[t]his cause, or a substantially equivalent complaint, was . . . previously filed in the Kansas Court of Appeals." Civil Proposed Complaint at 14. Because the Kansas Court of Appeals issued a final judgment on Zhu's appeal, Rooker-Feldman bars her from bringing a cause of action asserting that the state appellate court wrongfully entered its judgment. Graff, 2023 WL 2860386, at *8. Zhu has not asserted a basis for removal of the limited remaining state district court action because she is a plaintiff in that action. Cf. 28 U.S.C. § 1441(a) ("defendant" may remove certain civil actions filed in state court). Even if the Court were to characterize Zhu's proposed complaint as an independent federal action—rather than a removal of the state district court action—such an action would be subject to dismissal under the Colorado River doctrine. See D.A. Osguthorpe, 705 F.3d at 1234–36 (affirming dismissing of federal suit filed some five years after state court proceeding and in attempt to escape unfavorable state court ruling). Accordingly, on May 2, 2023, the Court denied plaintiff leave to proceed on her so-called Notice of Removal (Misc. Case No. 23-204-JAR) and her proposed pro se complaint (Case No. 23-2116-JAR-RES). When the Court imposed filing restrictions in 2017, it found that they were "necessary to regulate plaintiff's abusive litigation activities and to protect potential future defendants." The so-called Notice of Removal and the proposed civil pleadings which plaintiff has submitted since March of 2023—and continues to submit—reveal that the need for such restrictions is ongoing. The Clerk of Court has received more than 200 pages of additional filings since the Court denied plaintiff leave to proceed. These filings demonstrate no basis for reconsideration and no further supplementation of the record is

necessary or appropriate.

**IT IS SO ORDERED**.

Dated this 5th day of October, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
